UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD P. LAWLESS <br> 904 Leigh Mill Road <br> Great Falls, Virginia 22066 <br> <br> Plaintiff, <br> <br> v. <br> <br> DEPARTMENT OF DEFENSE <br> Washington, D.C. 20301 <br> <br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> Civil Action No: 21-_____ |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff Richard P. Lawless ("Lawless") brings this action against Defendant Department of Defense ("DoD") for injunctive and declaratory relief pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 et seq., the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, the All Writs Act, 28 U.S.C. § 1651, and the First Amendment to the Constitution of the United States.

Defendant DoD has unlawfully imposed a prior restraint upon Lawless by delaying, obstructing and infringing on his constitutional right to publish his unclassified manuscript entitled, "*Hunting Nukes, A Fifty-Year Pursuit of Atom Bomb Builders and Mischief Makers*" ("Manuscript").

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate in this District under 5 U.S.C. § 703 and 28 U.S.C. § 1391.

**PARTIES**

3. Lawless served as a career operations officer for the Central Intelligence Agency ("CIA") from 1972 to 1987, with tours of duty in East Asia, Western Europe and Washington, D.C. From 2002 to 2007, Lawless served as the Deputy Undersecretary of Defense for East Asian and Pacific Security Affairs in the Office of the Secretary of Defense. He continues to hold access eligibility to classified information and is required by virtue of one or more secrecy agreements that he executed to submit all of his writings for prepublication review.[1] He is a citizen of the United States and resident of the Commonwealth of Virginia.

4. Defendant DoD is an agency of the United States as defined by 5 U.S.C. § 701 and subject to the jurisdiction of this Court. DoD's actions have unreasonably delayed and prevented Lawless from publishing his Manuscript.

**FACTS**

5. In or around October 2020, Lawless submitted his Manuscript to the CIA's Publication Classification Review Board ("PCRB") for classification review. He was informed by PCRB staff that a copy of his draft Manuscript was contemporaneously provided to DoD as well.

6. "*Hunting Nukes, A Fifty-Year Pursuit of Atomic Bomb Builders and Mischief Makers*" provides a first-person account of Lawless' experiences, both as a career intelligence officer and a high-level policy-maker, related to the nuclear proliferation of North Korea as a subject of highest concern by the U.S. Government. Several nuclear

---

[1] This Complaint was drafted entirely by legal counsel who is not subject at this time in this specific case to any prepublication review requirement, nor was any classified information relied upon or reviewed.

2

proliferation events are also described, including successful U.S. Government efforts to constrain the nuclear ambitions of selected nations such as South Korea during the mid-1970's. Furthermore, the day-to-day operations of a CIA clandestine services officer are described, to include management issues and the evolution of the overall intelligence collection and analysis effort of the period. The activities in the Manuscript primarily took place between 1969-1987, but Lawless also recounts his involvement in the 2002 – 2008 nuclear talks with the North Korean regime, the so-called "Six Party Talks". Finally, the Manuscript contains Lawless' expert and informed assessment of the North Korean nuclear issue as it exists in 2021.

7. Over the next nine months, Lawless engaged in extensive interactions and coordination with the PCRB staff with respect to the review of his Manuscript. The initial PCRB review resulted in over five hundred required redactions to the Manuscript to address CIA's concerns regarding classified information. The coordination was civil and cooperative, but the imposed redactions appeared at times subjective and arbitrary. Applying the redactions required by CIA was disruptive to Lawless' ability to ensure the Manuscript is understandable to the common reader.

8. Despite that, Lawless fully complied with the requirements imposed by the PCRB. On or about June 16, 2021, the PCRB informed Lawless it had completed its final review of the updated version of the Manuscript and stated the updated version contained no CIA-related classified information. But Lawless was not given final approval for publication of the Manuscript as he was notified CIA had again forwarded the revised copy to DoD for separate review. Furthermore, Lawless was specifically informed he was not authorized to publish the Manuscript until DoD finished its review.

9. By e-mail dated July 27, 2021, Lawless was notified by DoD that:

> Your manuscript is currently under review within the Department of Defense. I am waiting for one component to provide their review results. One other component has already responded. Unfortunately, we are unable to provide an estimated date of completion at this time. Our components are working as quickly as possible to respond to reviews but they are working prepublication reviews and several other information release actions concurrently.
>
> The PCRB provided the updated version of your manuscript and we are reviewing that version. We are processing it under DOPSR case number 21-SB-0033.

10. Following the undersigned counsel's retention by Lawless, DoD responded via e-mail on August 5, 2021:

> At this time, we cannot provide an estimated completion date. Due to the subject matter and manuscript length, it is a complex review that requires additional time. The reviewers are also having to compare the original and revised versions of the manuscript.
>
> The reviewers have identified information that requires withholding. Once all reviews are returned, I will compile them and provide Mr. Lawless with our final response that will include the amendments.

11. The undersigned was notified by DoD on October 25, 2021, that one component was still engaged in its review and after that a final determination could be rendered. Thus, it could still be months before DoD finalizes its review. Of course, even then substantive discussions may need to take place regarding requested redactions.

12. Until such time as Lawless receives final approval from DoD, he is restricted by his past secrecy agreements from authorizing the publication of his Manuscript, lest he risk civil and criminal liability.

## FIRST CAUSE OF ACTION
### (FIRST AMENDMENT/DECLARATORY JUDGMENT
### - RIGHT TO PUBLISH - CLASSIFICATION CHALLENGE)

13. Lawless repeats and realleges the allegations contained in paragraphs 5 through 12 above, inclusive.

14. Lawless properly submitted, pursuant to one or more secrecy agreements, his Manuscript for prepublication review.

15. To the best of Lawless' knowledge and understanding, the Manuscript does not contain any classified information.

16. DoD is legally prohibited from precluding Lawless from publishing anything other than classified information.

17. DoD has failed to show that Lawless' First Amendment right to publish is outweighed by the government's interest in efficiently carrying out its mission by minimizing harms that are real, not merely conjecture.

18. DoD has failed to demonstrate the existence of substantial government interests that would enable it to prohibit the publication of unclassified information within Lawless' Manuscript.

19. DoD's restrictions imposed upon Lawless have been unduly vague and were not narrowly confined to avoid infringement of his First Amendment rights. It has unnecessarily restricted unclassified speech that does not serve to protect any substantial government interest.

20. Because DoD has impermissibly infringed upon Lawless' right to publish unclassified information in his Manuscript it has violated Lawless' First Amendment rights.

21. Lawless has suffered or may suffer actual adverse and harmful effects, including, but not limited to, possible civil or criminal penalties, and/or lost or jeopardized present or future financial and employment opportunities.

## SECOND CAUSE OF ACTION
## (ADMINISTRATIVE PROCEDURE ACT – UNREASONABLE DELAY)

22. Lawless repeats and realleges the allegations contained in paragraphs 5 through 12 above, inclusive.

23. Lawless properly submitted his Manuscript to CIA for prepublication review in October 2020. A copy was contemporaneously provided to DoD at that time as well. Lawless was informed by CIA on July 16, 2021, that the PCRB's process was complete but publication was not authorized until DoD, which had been sent a revised version of the Manuscript by CIA, had addressed any of its classification concerns.

24. DoD is required to complete the prepublication review of submissions within a reasonable period of time.

25. DoD has unreasonably delayed completing its final review of Lawless' Manuscript, as well as arbitrarily and capriciously failed to cooperate with Lawless to minimize/eliminate any already identified concerns.

26. By unreasonably delaying completion of its classification review, DoD has impermissibly infringed upon Lawless' right to publish the information contained within his Manuscript. Thus, Lawless has suffered or may suffer actual adverse and harmful effects, including, but not limited to, possible civil or criminal penalties, a delay in being able to timely on information of public interest, and/or lost or jeopardized present or future financial opportunities, which impairs his ability to serve the public.

## THIRD CAUSE OF ACTION
### (FIRST AMENDMENT/DECLARATORY JUDGMENT – LEGAL COUNSELS' ACCESS TO CLASSIFIED INFORMATION/UNREDACTED MANUSCRIPT)

27. Lawless repeats and realleges the allegations contained in paragraphs 5 through 12 above, inclusive.

28. In order to be able to fully protect Lawless' First Amendment rights his legal counsel will require access to any alleged classified information DoD claims is contained within the Manuscript. Upon information and belief, the undersigned legal counsel both hold valid and current security clearances that would permit a review of the relevant information.

29. Lawless has a First Amendment right to counsel and to present all arguments to the Court, *in camera* if appropriate and/or necessary, for its consideration, as well as to participate in any internal meetings with DoD to discuss any redactions. Lawless' constitutional rights extend to counsel with the appropriate level of security clearance.

WHEREFORE, plaintiff Richard P. Lawless requests that the Court award him the following relief:

(1) Require DoD to issue an immediate and final determination setting forth in detail any concerns it has regarding the contents of the Manuscript;

(2) Require DoD to specifically identify those portions, if any, of the Manuscript that allegedly contain classified information;

(3) Permanently enjoin DoD from restraining the publication of any portion of unclassified text within the Manuscript;

(4) Declare and find that the redacted text from the Manuscript is unclassified;

(5) Order DoD to permit Lawless' counsel to have proper access, subject to the execution of appropriate non-disclosure secrecy agreements, to any alleged classified information for purposes of litigating this action;

(6) Find and declare that DoD violated the Administrative Procedure Act and its internal regulations governing prepublication review;

(7) Award Lawless the costs of the action and reasonable attorney fees under the Equal Access to Justice Act or any other applicable law;

(8) Pay appropriate compensation to Lawless for any losses suffered or expenses incurred due to the delays associated with the publication of his manuscript; and

(9) grant such other relief as the Court may deem just and proper.

Date:   October 28, 2021

                                              Respectfully submitted,

                                                   /s/  Mark S. Zaid

                                          _____
Mark S. Zaid, Esq.
D.C. Bar #440532
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Mark@MarkZaid.com
Brad@MarkZaid.com

Attorneys for Plaintiff