UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD LAWLESS,<br><br>　　　　*Plaintiff*,<br><br>　　v.<br><br>DEPARTMENT OF DEFENSE,<br><br>　　　　*Defendant*. | Civil Action No. 21-2859 (TJK) |

**MEMORANDUM ORDER**

Plaintiff Richard Lawless is a former Central Intelligence Agency officer and Department of Defense employee who has drafted a manuscript about his career. ECF No. 1 ¶¶ 3, 6. The Department of Defense, however, reviewed his manuscript—which describes the United States' efforts to combat nuclear proliferation in North Korea—and determined that it could not be published as it contains classified information. *See* ECF No. 1 ¶ 10; ECF No. 16-2 ¶ 13; ECF No. 25-1 at 7–8. Plaintiff sued the Department of Defense, alleging, among other things, a violation of his First Amendment right to publish. ECF No. 1 ¶¶ 13-21. Defendant then moved for summary judgment. ECF No. 16.

Rather than respond to that motion, Plaintiff moved for a permanent injunction, seeking access to a secure government computer to respond to Defendant's summary-judgment motion. ECF No. 18-1 at 2–3. The Court denied this motion. *See* Minute Entry of Aug. 26, 2022. Plaintiff then filed a "Motion to Compel Defendant to Provide Access to Secure Stand-Alone Computer and for Authorization to Submit Properly Protected Classified Information to the Court." ECF No. 25. In it, Plaintiff again asks the Court to order Defendant "to provide him with access to a

secure stand-alone computer and for authorization to submit properly protected classified information to the Court." *Id.* at 1. Plaintiff desires such a computer to "draft a declaration that would specifically refute DoD's classification arguments," while "protecting against even the inadvertent disclosure of classified information." ECF No. 25-1 at 6–7. After the parties briefed the motion to compel, the Court stayed Defendant's summary-judgment motion, pending resolution of the motion to compel. Minute Order of Oct. 7, 2022. The Court will now deny the motion to compel.

*   *   *

Classification determinations largely reside within the Executive's domain. "The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service." *Stillman v. CIA*, 319 F.3d 546, 548 (D.C. Cir. 2003) (quoting *Snepp v. United States,* 444 U.S. 507, 510 n. 3 (1980)). Thus, the Government may "impos[e] reasonable restrictions on employee activities that in other contexts might be protected by the First Amendment." *Id.* (quoting *Snepp*, 447 U.S. at 510 n.3). Such restrictions may limit the ability of employees to publish information the Government deems classified. *See id.*

In prepublication-review cases in which authors seek to publish information found classified by the Government, such as this one, the D.C. Circuit has made clear that courts should first examine the Government's underlying classification determinations before reaching any constitutional issues. Simply put, "[i]f the Government classified the information properly, then . . . [the author] simply has no first amendment right to publish it." *Stillman*, 319 F.3d at 548. In *Stillman*, the Circuit thus instructed district courts to "determine first whether it can resolve the classification ex parte" "without the assistance of plaintiff's counsel." *Id.* at 548–49. To do so, courts should inspect the author's "manuscript and consider any pleadings and declarations filed by the

Government, as well as any materials filed by [the author]." *Id.* at 548. "Precisely because it is often difficult for a court to review the classification of national security information . . . *in camera* review of affidavits, followed if necessary by further judicial inquiry, [is] the norm." *See id.* at 548 (cleaned up) (quoting *McGehee v. Casey*, 718 F.2d 1137, 1149 (D.C.Cir.1983)). When conducting such review, courts must also heed "the appropriate degree of deference owed to the Executive Branch concerning classification decisions." *Id.* at 549; *see also McGehee*, 718 F.2d at 1148 (concluding courts owe "deference to reasoned and detailed CIA explanations of [a] classification decision."). Courts must follow this procedure before "plung[ing] ahead to resolve the constitutional question." *Stillman*, 319 F.3d at 548. Lower courts have accordingly followed suit.[1]

In accordance with *Stillman*, Defendant has submitted for ex parte, in camera review three classified declarations to the Court in support of its motion for summary judgment. ECF No. 17; *see* ECF No. 26 at 9–10. These declarations contain Defendant's reasoning for its classification decisions. *See* ECF Nos. 17, 16-3, 16-4, 16-5. Plaintiff, for his part, had previously submitted a declaration to Defendant arguing why, in his view, the sections of his manuscript in issue are not classified, *see* ECF No. 26 at 10, though he argues it is not a court-ready document, ECF No. 27 at 7–8. Even so, Defendant has offered to:

> provide to the Court in camera the same document that Lawless submitted to the Department of Defense in advance of the meeting between Lawless and Department officials in May 2022, which the Department understands to set forth Lawless's position on the information that the Department has deemed classified. Lawless could then prepare, if he wishes, a supplemental, unclassified declaration, which would be submitted to the Department of Defense for prepublication review under the terms of Lawless's secrecy agreement. If that declaration was determined not to contain classified information, it could be filed on the docket; but even if it did

---

[1] *See e.g.*, *Shaffer v. Def. Intel. Agency*, 102 F. Supp. 3d 1, 9, 14 (D.D.C. 2015) (resolving case after in camera review of classified materials, and avoiding other issues, including First Amendment issue); *Boening v. CIA*, 579 F. Supp. 2d 166, 174–75 (D.D.C. 2008) (denying motion to compel following in camera review of the disputed classified materials).

3

      contain classified information, the Government would provide it in full to the Court
      in camera.

ECF No. 26 at 10.  Defendant also represented that Plaintiff "can rest assured that, absent any intentional disclosure of classified or non-reviewed information, submitting the proposed declaration for prepublication review and complying with the Department's instructions as to any information deemed classified will fulfill his obligations under both his trust relationship and secrecy agreement with the government." *Id.* at 20.  Plaintiff likewise acknowledges he "could . . . take steps to carefully craft a more cryptic declaration that is unclassified." ECF No. 25 at 23.  Thus, given the *Stillman* procedure and the parties' representations, Plaintiff has demonstrated no need for access to a secure computer for now.

      The Court therefore finds the *Stillman* procedure appropriate here to avoid unnecessarily reaching any constitutional issues raised in the motion to compel and motion for summary judgment.  That is, the Court will order Defendant to provide the Court with the declaration Plaintiff previously provided Defendant.  Then, Plaintiff can oppose Defendant's motion for summary judgment and, if he so chooses, submit for prepublication review an unclassified supplemental declaration that the Government will provide to the Court, whether or not the declaration turns out to inadvertently contain classified information.  After the summary-judgment briefing, the Court will proceed with an ex parte, in camera examination of the classified materials, and all other filed materials, to determine whether it can resolve the classification issues presented by the summary-judgment motion.  *See Stillman*, 319 F.3d at 548–549.  If necessary, the Court may consider ordering the disclosure of additional classified information at that time.  *See De Sousa v. Dep't of State*, 840 F. Supp. 2d 92, 104 (D.D.C. 2012) ("[T]he Court believes that it has the discretion to order disclosure of classified information to the Court in a civil case where the information is

material to the resolution of disputed legal issues and where alternatives to reliance upon classified information are inadequate to satisfy the interests of justice.").

Thus, it is hereby **ORDERED** that Plaintiff's Motion to Compel, ECF No. 25, is **DENIED**. It is **FURTHER ORDERED** that, by March 20, 2023, Defendant shall provide the Court Plaintiff's previously submitted declaration for ex parte, in camera review. It is **FURTHER ORDERED** that the stay of Defendant's motion for summary judgment, *see* Minute Order of Oct. 7, 2022, is **VACATED**. It is **FURTHER ORDERED** that the following schedule shall govern the remaining summary-judgment briefing in this case: Plaintiff shall file his combined opposition and any cross-motion for summary judgment by April 5, 2023; if Plaintiff prepares a supplemental declaration, Defendant shall provide it to the Court by May 5, 2023; Defendant shall file its combined reply and any cross-opposition by May 5, 2023; and Plaintiff shall file any cross-reply by May 26, 2023.

**SO ORDERED**.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 6, 2023